UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10301-MLW

UNITED STATES OF AMERICA

v.

ANTONIO NAKIA REDRICK

# MEMORANDUM AND ORDER ON
# GOVERNMENT'S MOTION FOR DETENTION

November 18, 2004

DEIN, M.J.

## I. GOVERNMENT'S MOTION FOR DETENTION

The defendant was charged in a criminal complaint, now in an indictment, with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). An initial appearance was held on November 15, 2004, at which time the defendant was represented by counsel. The government moved for a detention hearing on the grounds that the defendant is a danger to the community under 18 U.S.C. §§ 3142(f)(1)(A) and (f)(1)(D), and poses a serious risk of flight in accordance with 18 U.S.C. § 3142(f)(2)(A).

A detention hearing was held on November 17, 2004, at which time the defendant was represented by counsel. For the reasons detailed herein, this court concludes that there are no conditions which will reasonably assure the safety of the

community and the appearance of the defendant as required. The court, therefore, orders that the defendant be detained prior to trial.

## II. THE BAIL REFORM ACT

A.  Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained. See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ." See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

B.  The government is entitled to move for detention on grounds of danger to the community in a case that –

    (1)    involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

    (2)    involves an offense punishable by death or life imprisonment;

>    (3)    involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; <u>or</u>
>
>    (4)    involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. <u>See</u> 18 U.S.C. § 3142(f).

    C.    In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

>    (a)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
>    (b)    the weight of the evidence against the accused;
>
>    (c)    the history and characteristics of the person, including --

---

[1] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. <u>See</u> <u>United States v. Moss</u>, 887 F.2d 33, 336-37 (1st Cir. 1989).

      (i)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      (ii)   whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

  (d)     the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

<u>See</u> 18 U.S.C. § 3142(g).

  D.     Additionally, in making the determination, the judicial officer must consider two rebuttable presumptions, to wit:

<u>First</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a federal crime of violence within the meaning of § 3156(a)(4) [or a state crime of violence within the meaning of § 3156(a)(4) if the offense would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act -- <u>e.g.</u>, possession of cocaine, heroin, or more than 1000 pounds of marijuana, with intent to distribute, the Controlled Substances Import and Export Act, <u>or</u> any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have

been offenses described immediately above if circumstances giving rise to federal jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.  See 18 U.S.C. § 3142(e).

Second, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or the Controlled Substances Import and Export Act or an offense under the provisions of 18 U.S.C. § 924(c) – i.e., use of or carrying a firearm during the commission of a federal offense which is a felony.  See 18 U.S.C. § 3142(e).

Insofar as the latter "presumption" is applicable in assessing "risk of flight," the burden remains with the government to establish "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight.  The burden then rests on the defendant to come forward with "some evidence" indicating that these general findings are not applicable to him for whatever reason advanced.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).  This "only imposes a burden of production on a defendant.  The burden of persuasion remains with the government." United

States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987) (per curiam); see also United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a defendant produces "some evidence" in rebuttal, however, the presumption does not disappear.  Rather, it retains some evidentiary weight, the amount of which will depend on how closely the defendant's case "resembles the congressional paradigm" and other relevant factors.  Palmer-Contreras, 835 F.2d at 17-18; Dillon, 938 F.2d at 1416.  See United States v. Jessup, 757 F.2d 378, 387 (1st Cir. 1985).

### III.  DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant."  U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited.  Based on the record before me, I find that there are no conditions which may be imposed which will reasonably insure the safety of the community or the defendant's presence at trial.

#### A.  The Offense Charged And Weight Of The Evidence

The defendant is charged with two firearms offenses arising out of his possession of an unregistered sawed-off shotgun, and the evidence against him is strong.  Briefly, on June 4, 2004, Boston Police responded to a call of a domestic violence incident in progress.  When they arrived, they saw the defendant outside the home carrying a black duffle bag.  The defendant ran when he saw the officers, dropping the bag behind him.  With the assistance of a tracking canine, the defendant was eventually located laying on top of the awning of a building, and was arrested after

he ran from that location as well.  In the bag he had been carrying was a sawed-off shotgun.  The defendant acknowledged that he had had possession of the shotgun in several statements to the police relating to why he ran.

The call about the domestic violence incident had been made by Tiffany Richardson, who had previously obtained a restraining order against the defendant.  Ms. Richardson told the police she was in fear for her life.  Ms. Richardson had called the police before, on May 31, 2004, also because the defendant was violating a restraining order at that time.

### B. History And Characteristics Of The Defendant

The defendant, age 29, was born on December 8, 1974 and is a life-long resident of Massachusetts.  He graduated from Madison Park High School in 1992.  He is single and has two daughters, ages 7 and 2, who live with their mother, Sharell Turner.  Ms. Turner obtained a restraining order against the defendant in September 2002, which expired in October of that year.  The defendant's mother, Debra Redrick, lives in Dorchester, Massachusetts.  She owns her own home and has offered to have the defendant live with her if he is released.  The defendant has three sisters who also live in Boston.  The defendant works for one of his sisters as a handyman for her real estate company and earns approximately $1,000 per month.

The defendant has an extensive criminal record, including a juvenile record.  As an adult, he has been convicted of various firearms and violent offenses.  For example, in 1993, he was given a one year suspended sentence for two counts of possession of a firearm.  In 1994, he was again found guilty of possession of a firearm in Dorchester

District Court and was ordered committed to serve a one year sentence. In 1994, he was also convicted of armed robbery and was given a 3-5 year split sentence. His suspended sentence was revoked following later convictions.

In 1996, he was convicted of carrying a dangerous weapon and disorderly conduct, and was given a 6 month sentence. In 1997, he was convicted of knowingly receiving stolen property and leaving the scene of an accident involving property damages, and sentenced to 6 months. In 1996, he was sentenced to 2 years in the house of corrections for larceny of a motor vehicle and related charges. In 1997, he was sentenced to 3-4 years at MCI Cedar Junction for attempt to commit a crime. In 2003, he was charged with assault and battery and possession of a Class B controlled substance, but it appears that those charges were dismissed. In 2004, he was charged in Roxbury District Court with firearms violations and possession of a Class D and Class B controlled substance. These charges are pending. He also has charges pending in Dorchester District Court of threatening, possession of a firearm, resisting arrest, larceny, and malicious destruction of property. It is unclear whether any of these charges form the basis of the indictment presently before this court.

Restraining orders have been obtained against the defendant by Sharell Turner (2002), Marie Beckwith (2003), and two by Tiffany Richardson (2004).

### C. Danger To The Community

The government has met its burden of proof, by clear and convincing evidence, that there are no conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community. The defendant has

an extensive record of violent crimes, including crimes involving firearms. He is again facing gun-related charges. Despite an extensive history with the criminal justice system, including periods of incarceration, the defendant does not appear able to modify his behavior.

The defendant's mother appeared in court and testified that she would be willing to have the defendant live with her if he was released. While the court is appreciative of this offer, it appears that the defendant's extensive criminal history involves crimes committed while he lived with his mother. It does not appear to this court that Mrs. Redrick is able to exert sufficient control over the defendant to insure his compliance with orders of the court. The danger to the community is high.

### D.  Risk Of Flight

I also find that the record evidence before this court warrants a conclusion that no condition or combination of conditions -- short of pretrial detention -- would reasonably assure the appearance of the defendant. The prospect of a significant jail sentence provides a clear and unequivocal impetus to flee, and the defendant's record reveals a number of defaults. The defendant was charged with crimes of armed robbery and assault with a dangerous weapon, among others, in Michigan in 1993. While these charges were dismissed, it appears that the defendant has ties to other communities, increasing the risk of flight. In addition, the defendant's criminal record includes a number of aliases, further supporting the conclusion that there is a high risk of non-appearance.

## IV. ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant remain DETAINED pending trial, and it is further Ordered --

      (1)    That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

      (2)    That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

      (3)    On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

                                                / s / Judith Gail Dein
                                                Judith Gail Dein
                                                United States Magistrate Judge