UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No.  04-10301-MLW |
| v. | ) | |
| | ) | |
| ANTONIO NAKIA REDRICK, | ) | |
| Defendant. | ) | |
| | ) | |

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the United States of America, by and through its

attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul

R. Moore, hereby submits its requests for jury instructions in the above-captioned matter.  The

government reserves the right to supplement, modify, or withdraw these instructions in light of

the defendant's jury instructions.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Paul R. Moore_____
Paul R. Moore
Assistant U.S. Attorney

July 15, 2005

**CERTIFICATE OF SERVICE**

I, Paul R. Moore, Assistant United States Attorney, do hereby certify that a copy of the foregoing was sent via first class mail to counsel for the Defendant, Mel Norris, Esq., on this 15th day of July, 2005.

/s/ Paul R. Moore
Paul R. Moore
Assistant U.S. Attorney

July 15, 2005

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
(Presumption of Innocence; Burden of Proof; Reasonable Doubt)

As you know, this is a criminal case in which the United States has charged the defendant with committing several crimes. Like every criminal case, the defendant here is presumed by law to be innocent. This presumption of innocence stays with the defendant throughout the course of the trial. It can be overcome only when the United States introduces competent evidence during the course of the trial that satisfies its burden of convincing you beyond a reasonable doubt of the defendant's guilt with respect to every element of the charged offenses.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty of each of the crimes charged. This burden of proof rests upon the United States and it never shifts to the defendant. The defendant is not required to prove anything to you or to present any evidence at all. If the United States fails to meet its burden of proof with respect to any charge against the defendant, then you must acquit the defendant of that charge. If, however, the government does meet its burden of proof beyond a reasonable doubt with respect to a charge against the defendant, then you have a similar responsibility to find that defendant guilty of that charge.

Proof beyond a reasonable doubt is a phrase often used but difficult to define. It is proof that leaves you firmly convinced that the defendant is guilty. A reasonable doubt is not doubt in the mind of a juror who is looking for a doubt or who is looking for an excuse to acquit the defendant. It is doubt in the mind of a reasonable juror who is earnestly seeking the truth. As the words themselves imply, it is a doubt based on reason and common sense.

Proof beyond a reasonable doubt is not proof beyond all possibility of doubt or beyond every conceivable doubt or beyond a shadow of a doubt. The United States is not required to

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1 (Cont.)
(Presumption of Innocence; Burden of Proof; Reasonable Doubt)

prove the charges to an absolute or mathematical certainty since there are few things in this

world that we know with absolute certainty.  Thus, the law does not require that the United

States prove its case to the same degree of certainty that you have that when you add two plus

two you get four.  As I stated earlier, proof beyond a reasonable doubt is proof that leaves you,

as reasonable persons, firmly convinced of the defendant's guilt.

Federal Judicial Center, Pattern Criminal Jury Instructions, 28 (1988); United States v. Campbell, 874 F.2d 838, 841-843 (1st Cir. 1989); United States v. Jorge, 865 F.2d 6, 10-11 (1st Cir. 1989);  United States v. Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987); United States v. Munson, 819 F.2d 337, 345-346 (1st Cir. 1987); United States v. Gibson, 726 F.2d 869, 873-874 (1st Cir. 1984);  United States v. DeVincent, 632 F.2d 147, 152-153 & n.7 (1st Cir. 1980).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2
(Function of the Jury)

The function of you as jurors is to determine the facts. You are the sole and the exclusive judges of the facts. You alone decide the weight, the effect and the value of the evidence and the credibility – that is, the believability – of the witnesses. Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you in order to decide whether the defendant is guilty or not guilty of the charges the United States has brought against him. You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence. Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict.

In the same vein, you may not consider in your deliberations any personal feelings you may have about the race, religion, national origin, sex or age of the defendant or any witnesses who testified during the course of the trial. You are not to decide the case on the basis of what you have heard or read outside the courtroom or according to any guesswork or speculation. You cannot speculate as to what might or might not have happened nor can you allow yourselves to be influenced by your view of the nature of the crimes with which the defendant has been charged or the consequences of your verdict. Instead, you must confine your deliberations to the evidence and to nothing but the evidence.

Edward J. Devitt, et al., Federal Jury Practice and Instructions, § 10.01 (4th ed. 1990) (hereinafter "Devitt Instruction __").

5

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
(Direct and Circumstantial Evidence; Inferences)

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that has been presented during the course of this trial. That is the power to draw inferences.

To set the stage for discussing inferences, let me tell you that there are two types of evidence which you may use to determine the facts of a case: direct and circumstantial evidence. Direct evidence is evidence of what a witness sees, hears, touches or in some other way perceives with one of his ow her senses. Circumstantial evidence exists where a witness cannot testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact which is to be proved.

What do I mean by an inference? Let me begin, first of all, with an abstract or theoretical definition of an inference, if you will. An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilty and some inferences may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence – that is, by evidence of what someone saw, or heard, or in some way perceived with one of the five senses – when it hasn't been proven in that fashion, you jurors must use your collective and general knowledge in determining whether that element has been established by inferences reasonably drawn from other facts in evidence. Any inference which you draw from such facts

must be a reasonable and natural one and not merely conjecture or guesswork.

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 3</u> (Cont.)
(Direct and Circumstantial Evidence; Inferences)

Circumstantial evidence alone may be sufficient to convict a defendant if it persuades

you beyond a reasonable doubt that the defendant is guilty of the particular offense under

consideration.

United States v. Clifford, 979 F.2d 896 (1st Cir. 1992); United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992); United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

(Expert Testimony)

You have heard testimony from person(s) described as experts. A person(s) who, by knowledge, skill, training, education or experience, has become an expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 14.01 (4th ed. 1990) (modified).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5
(Credibility of Witnesses)

In performing your role as jurors, your function, ladies and gentlemen, is to evaluate the exhibits that have been introduced and to determine and judge the credibility of the testimony of the witnesses.  What do I mean by credibility?  That is simply a fancy word for "believability."  It is your function and your function alone to determine the believability of the witnesses who came forward and testified.  You are free to decide that you believe all of what a witness told you, none of what a witness told you, or some of what a witness told you.  You're free to do that all in accordance with your collective judgment as to the believability of what it was that the witness told you while on the witness stand.

Now, how do you go about making this critically important judgment about the believability of what the witnesses told you while they were testifying?  Having raised the question, I tell you that I cannot – indeed, nobody can – tell you all of the ways that you may go about making this terribly important judgment about credibility.  I can suggest to you, however, some of the things that you should look at in making that judgment.  You should consider, for example, the conduct and the demeanor of the witness while testifying, the frankness or lack of frankness that the witness displayed while testifying, the reasonableness or the unreasonableness of the testimony itself, the probability or improbability of that testimony, the opportunity or lack of opportunity that the witness had to see and to know the facts about which he or she was testifying, the accuracy of the witness's recollection, the degree of intelligence shown by the witness, whether the witness has attempted to fill in gaps in his or her memory of events with information he or she obtained after the event was over.  You may also consider whether the witness has a motive for testifying and, of course, the interest or lack of interest that the witness

10

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5 (Cont.)
(Credibility of Witnesses)

may have in the outcome of the case.  You should take into consideration the character and the

appearance of the witness at trial and any bias he or she has shown in his or her testimony.  This

list is not exhaustive.  It is, rather, a list of examples of the things you may take into account and

should take into account in making that judgment.

Devitt Instruction 15.01; United States v. Hardy, No. 91-10180-K, Charge to the Jury (D. Mass.
Nov. 13, 1991) (Keeton, J.).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6
(Credibility – Prior Inconsistent Statements)

You should ask yourselves whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.  You should keep in mind, of course, that a simple mistake or inadvertent omission by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement or omission, you need to consider whether that misstatement or omission was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit District Judges Association, Pattern Jury Instructions, Criminal Cases, § 6.1 (1985).

12

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
(Punishment)

If the defendant is found guilty of one or more of the charges against him, it will be my duty to decide what his punishment will be. You should not be concerned with punishment in any way. It should not enter into your consideration or discussion.

Fifth Circuit District Judges Association, Pattern Jury Instructions, Criminal Cases, § 1.21 (1990); Devitt Instruction 18.02.

13

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
(The Indictment – Consider Counts Separately)

With these preliminary instructions in mind, let us turn to the charges against the defendant in the Indictment.  An Indictment is not evidence.  It merely describes the charges made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

The defendant has pled "not guilty" to each charge in the Indictment.  When a defendant pleads "not guilty," the government has to prove each of the things that is a part of the definition of an offense charged in the Indictment.  We commonly call the things the government has to prove as to a particular offense the "elements" of that offense.  The government has the burden of establishing each of these elements by proof beyond reasonable doubt.

An Indictment may allege more than one charge against the defendant.  In that case, the different charges are stated in what we call counts.  The Indictment in this case is comprised of two counts.  You must consider each count separately to determine whether the government has proved beyond a reasonable doubt the guilt of the defendant for that count.  You may, however, find that evidence pertaining to one alleged offense is also relevant to the other alleged offense.

Devitt Instructions 12.12, 12.13; Leonard B. Sand et al., Modern Federal Jury Instructions, Instruction No. 3-1 (2001) (hereinafter "Sand Instruction ___").

14

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9
("On or About")

You will note that the Indictment charges that the offenses were committed "on or about" certain dates rather than "on" a certain date. The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

Sand Instruction 6-17 (2001); Devitt Instruction 13.05; United States v. Brody, 486 F.2d 291 (8th Cir. 1973).

15

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
(Overview of Count One)

(Read Count One of the Indictment)

Count One of the Indictment charges the defendant with violating Section 922(g)(1) of

Title 18 of the United States Code.  This is a criminal statute which provides that it is unlawful

for any person previously convicted in any court of a crime punishable by imprisonment for

more than one year to possess a firearm or ammunition in or affecting commerce. In order to find

the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three

elements:

FIRST:      That the defendant has been convicted of a crime punishable
            by imprisonment for more than one year in any court. [note:  **IF** the parties
            have stipulated, that is, agreed, that the defendant has been convicted
            of such a crime, you must consider the first element proven.]

SECOND:     That, after this conviction, the defendant knowingly possessed
            the firearm described in the indictment; and

THIRD:      That the firearm was connected to interstate commerce.
            This means that the firearm moved from one state to another
            sometime after its manufacture. The travel need not be related
            to the charge of the indictment, need not have been caused
            or requested by the defendant, and need not have been in
            furtherance of any unlawful activity. If you find beyond a
            reasonable doubt the firearm was manufactured
            in a state other than Massachusetts and that the defendant
            possessed that firearm within the state of Massachusetts, you
            may infer the requisite connection to interstate commerce.

First Circuit Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions,
Criminal Cases § 4.06 (1998) (hereinafter "First Circuit Instruction __"); United States v.
Acosta, 67 F.3d 334, 340 (1ˢᵗ Cir. 1995); United States v. Gillies, 851 F.2d 492, 493-94 (1ˢᵗ Cir.
1988); Manual of Model Criminal Jury Instructions for the Eighth Circuit, Instruction 6.18.922

(2003) (hereinafter "Eight Circuit Instruction __"); Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, Criminal Instruction § 39.14 (5th ed. 2000) (hereinafter "O'Malley Instruction __").

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 11</u>

(Overview of Count Two)

(Read Count Two of the Indictment)

Count Two of the Indictment charges the defendant with violating Section 5861(d) of Title 26 of the United States Code.  This is a criminal statute which provides that it is unlawful for any person to receive or possess a firearm which firearm is not registered to him in the National Firearms Registration and Transfer Record.  In order to find the defendant guilty of this offense, you must be satisfied beyond a reasonable doubt of the following three elements:

FIRST:      That the defendant either received or possessed a firearm;

SECOND:    Which firearm was not registered to him in the National Firearms Registration and Transfer Record

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12
("Knowingly")

As it is used in the first count, "knowingly" means that the act was done voluntarily and

intentionally, not because of mistake or accident.

First Circuit Instruction § 4.06; United States v. Tracy, 36 F.3d 187, 194-95 (1st Cir. 1994).

18

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13
("Possession - Actual and Constructive")

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a firearm or ammunition.  What do we mean by the term possessed when used in a legal sense?  The law recognizes two kinds of possession:  actual possession and constructive possession.  A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object.  A person who physically holds an object or knowingly has it on his person is in actual possession of the object.

Even when a person does not actually possess an object, however, he may be in constructive possession of it.  Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object.  For example, you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today.  Though you are not in actual possession of such items at this moment, you are in constructive possession of them.  The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct evidence or by circumstantial evidence.  Possession may be solely with one person or may be shared jointly by two or more persons.  Possession may be actual or constructive.  It is not necessary to prove ownership of the object.  The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others, of a firearm.

19

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13 (Cont.)
("Possession - Actual and Constructive")

United States v. Lamara, 711 F.2d 3, 5 (1st Cir. 1983);

United States v. Ladd, 877 F.2d 1083, 1087 (1st Cir. 1989);

United States v. Flores, 679 F.2d 173, 177 (9th Cir. 1982);

United States v. Alverson, 666 F.2d 341, 345 (9th Cir. 1985);

United States v. Craven, 478 F.2d 1329, 1337 (6th Cir.), cert. denied, 414 U.S. 866(1973);

Edward J. Devitt Et Al., Federal Jury Practice and Instructions, §§ 16.05, 36.12 (4th ed. 1990);

Leonard B. Sand Et Al., Modern Federal Jury Instructions, No. 35-59 (1993).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14
("Firearm")

The term "firearm" means any weapon which will or is designed or may readily be

converted to expel a projectile by the action of an explosive. The term also includes the frame of

any such weapon.

First Circuit Instruction § 4.06.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15
(Interstate Commerce)

The third element that the government must prove beyond a reasonable doubt is that the defendant's knowing possession of a firearm or ammunition was in or affecting commerce. The term "in or affecting commerce" simply means that the firearm or ammunition must have had some minimal link to interstate commerce. This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of the firearm or ammunition, it moved across a state line or international boundary. Thus, if it is established that the firearm or ammunition was previously in a state other than Massachusetts, or in a foreign country, and then was possessed by the defendant in Massachusetts, then this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased the firearm in some other state and carried it into Massachusetts. Nor must the government prove who did purchase the firearm or how it arrived in Massachusetts. In addition, the government does not have to prove that the defendant knew that the firearm had crossed state or national boundary lines. All that is required is proof that the firearm had traveled in interstate commerce by moving across a state or national boundary line at any time prior to the defendant's alleged possession of it.

Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977);
United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988);
United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975);
Edward J. Devitt Et Al., Federal Jury Practices and Instructions,
§ 36.14 (4th ed. 1990); Leonard B. Sand Et Al., Modern Federal Jury Instructions, No. 35-55
(1993).