UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )  <br> ) <br> v. ) <br> ) <br> ANTONIO NAKIA REDRICK, ) <br> Defendant. ) | Criminal No.  04-10301-MLW |

GOVERNMENT'S TRIAL BRIEF

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, respectfully submits this trial brief to assist the Court during the upcoming trial of the above-captioned matter, which is scheduled to commence on August 15, 2005 and is expected to last for approximately two days.  The defendant is represented by Melvin Norris, Esq.

There are no outstanding discovery issues.

SUMMARY OF FACTS[1]

On June 4, 2004, Boston Police officers responded to a call reporting a domestic disturbance in progress at 200 Columbia Road in Dorchester, Massachusetts.  Arriving at the scene, two officers immediately saw an individual (later identified as the defendant) walking away from the scene.  One of the officers said "hold up" to the defendant, at which point he looked at the police, dropped the duffel bag he was then carrying, and began to run away from the officers.

The officers proceeded to give chase to the defendant.  Shortly, they lost sight of him and

---

[1] The government anticipates that this is the essence of the case it will present through the presentation of its evidence.

returned to the abandoned duffel bag. Upon examination, they found that it contained a sawed-off shotgun (as described in the Indictment). They then called for back-up from other officers in their effort to locate the defendant. Ultimately, he was found through the use of a canine unit, although the chase continued through streets, parks and roof-tops.

Upon his apprehension, the defendant stated to one of the officers "they got the bag, right?" Subsequently, in response to a question from one of the two police officers who had first arrived at the scene[2], the defendant stated that he had not stopped "because I had a sawed-off."

ANTICIPATED EVIDENCE AT TRIAL

The government's evidence will involve an array of witnesses (primarily police officers) who will describe what they saw upon arrival at the scene and who will verify that the defendant is the person they saw with the duffel bag and which person then fled and which person then made statements, following arrest, demonstrating clear possession of the duffel bag as well as knowledge as to its contents (the sawed-off shotgun).

The government will also demonstrate through its witnesses that the defendant possessed the firearm, which firearm - because of its nature was required by law to be registered - was not registered (Count 2).

The defendant has agreed to stipulate that, at the time of the offense conduct, he was in fact a felon for purposes of federal law.

EVIDENTIARY ISSUES

To the knowledge of the government, there are no extraordinary evidentiary issues which warrant the attention of the Court prior to trial.

---

[2]Officer Joseph asked the defendant "why didn't you just stop?"

OTHER ISSUES

The defendant has filed a Motion to Dismiss based on alleged prosecutorial misconduct. In so alleging, the defendant says that government agents (ATF) wrongly pressured a potential defense witness (Eddie Ray) to recant a statement which, viewed in a light most favorable to the defendant, might be seen as exculpatory to the defendant. The government will file a separate response to that Motion rather than address the issue herein. Nonetheless, the essence of the exculpatory statement by one "Eddie Ray" is that he had knowledge that the onetime girlfriend of the defendant (Tiffany Richardson) was angry at the defendant and might one day place a gun in his duffel bag in order, presumably, to cause him trouble with law enforcement. The defendant has now asserted, months after his apprehension (and it is anticipated by the government that he will so assert at trial) that he did not have an awareness of the shotgun contained within the duffel bag.

The government believes that the defendant's behavior upon the arrival of the police (abandoning the duffel bag and engaging in flight) as well as his statements to police subsequent to his apprehension demonstrate not only possession but also full knowledge of the contents of the duffel bag - rendering unbelievable any testimony (from former cell mate Eddie Ray) that the shotgun had been planted by a disgruntled former significant other (Tiffany Richardson).

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:    /s/ Paul R. Moore
    Paul R. Moore
    Assistant U.S. Attorney

Dated: July 22, 2005

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney for defendant, Antonio Nakia Redrick, Melvin Norris, Esq., on July 22, 2005, by first class mail.

        /s/ Paul R. Moore
        Paul R. Moore
        Assistant U.S. Attorney