UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTONIO REDRICK | Cr. No. 04-CR-10301 MLW |

**ANTONIO REDRICK'S REQUESTED JURY INSTRUCTIONS,**
**BOTH PRELIMINARY AND FINAL**

The defendant in the above-captioned matter, Antonio Redrick, hereby requests that this Honorable Court give the following specific instructions to the jury in addition to its usual general instructions:

**PRELIMINARY INSTRUCTIONS**

**REQUESTED PRELIMINARY INSTRUCTION NO. I.**
(Presumption of Innocence)

The defendant, Antonio Redrick, has pleaded not guilty. Under our system of law, he is presumed innocent and has no obligation to disprove the charge alleged in the indictment, nor to affirmatively prove his innocence. He is not required to produce any witnesses in order to establish his innocence, but rather has an absolute right to insist that the government, which has charged him with an offense, prove that he is guilty of that offense beyond a reasonable doubt.

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to

require the acquittal of a defendant. The defendant before you, Antonio Redrick, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Antonio Redrick is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Antonio Redrick. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Antonio Redrick has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Antonio Redrick's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Antonio Redrick's guilt of a particular crime, you should vote to convict him.

### REQUESTED PRELIMINARY INSTRUCTION NO. 2
(Indictment)

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by an assistant United States attorney, Paul Moore. The defendant, Antonio Redrick, is represented by his lawyers, Melvin Norris and Richard Farrell.

Antonio Redrick has been charged by the government with violation of a federal law. The

charge against Antonio Redrick is contained in the indictment. The indictment is simply the description of the charge against Antonio Redrick; it is not evidence of anything. Antonio Redrick pleaded not guilty to the charge and denies committing the crimes. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

### REQUESTED PRELIMINARY INSTRUCTION NO. 3.
(Rules for Jurors)

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the

elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## REQUESTED PRELIMINARY INSTRUCTION NO. 4.
(Evidence; Objections)

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is

to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

    Certain things are not evidence. I will list those things for you now:

        (1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

        (2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

        (3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

        (4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

    Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

    Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from

which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## FINAL INSTRUCTIONS

## REQUESTED INSTRUCTION NO. 5.
(Credibility of Witnesses)

You, as jurors, are the sole judges of the credibility of the witnesses and of the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider, also, any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two (2) or more persons witnessing the incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves. <u>Devitt and Blackmar, Federal Jury Practice and Instructions</u>, par. 17.01.

### REQUESTED INSTRUCTION NO. 6.
(Credibility of Witnesses)

The testimony of a witness may be discredited or impeached by contradictory evidence, or by evidence that he or she previously made statements which are inconsistent with his or her present testimony, or by testimony from other witnesses that is inconsistent with his or her present testimony. Any earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. <u>Devitt and Blackmar</u>, par. 17.08.

### REQUESTED INSTRUCTION NO. 7.
(Believability of Testimony)

You are not required to accept any testimony you have heard in this case, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of this testimony, or

because of what he has to gain by testifying, or for other reasons sufficient to you, that such testimony is not worthy of belief.  Devitt and Blackmar, par. 17.21.

### REQUESTED INSTRUCTION NO. 8.
(Bias of Witness)

You may consider any demonstrated bias, prejudice or hostility of a witness toward the defendant in determining the weight to be accorded to his or her testimony.  Devitt and Blackmar, par. 17.07.

### REQUESTED INSTRUCTION NO. 9.
(Duty to Acquit)

If your view of the evidence, or lack of evidence, makes you doubt the defendant's guilt because you have not been persuaded that the government has shown the guilt of the defendant beyond a reasonable doubt, then it is your duty to acquit the defendant.  Holland v. United States, 348 U.S. 121 (1954); United States v. Richardson, 504 F.2d 357 (5th Cir. 1974); United States v. Turk, 526 F.2d 654 (5th Cir. 1976).

### REQUESTED INSTRUCTION NO. 10.
(Right not to Testify; Inference of Guilt)

Antonio Redrick has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

**REQUESTED INSTRUCTION NO. 11.**
(Elements of Possession of Firearm by Felon - Count I)

Antonio Redrick is charged with possessing a firearm or ammunition in or affecting commerce after having been convicted of a crime punishable by imprisonment for more than one year. For you to find Antonio Redrick guilty of this crime, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

First:  that Antonio Redrick has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

Second, that Antonio Redrick knowingly possessed the firearm or ammunition described in the indictment.

Third, that the firearm or ammunition was connected with interstate commerce. This means that the firearm or ammunition, at any time after it was manufactured, moved from one state to another. The travel need not have been connected to the charge in the indictment and need not have been in furtherance of any unlawful activity.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident. United States v. Tracy, 36 F.3d 187, 194-95 (1st Cir. 1994)., cert denied.

The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession. Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his/her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term possession in these

instructions, I mean actual as well as constructive possession.

## REQUESTED INSTRUCTION NO. 12
(Definition of Knowingly)

The word knowingly, as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

## REQUESTED INSTRUCTION NO. 13
(Possession of an Unregistered Firearm, Count II)

Antonio Redrick is also indicted for violation of Section 5861(d) of Title 26 of the United States Code. This statute provides that it is unlawful for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record. In order to find the defendant guilty of this offense, you must be satisfied beyond a reasonable doubt of the following elements:

| | |
|---|---|
| First: | That the defendant received or possessed a firearm; |
| Second: | That same firearm was a weapon which is a shotgun with a barrel or barrels of less than 18 inches or an overall length of less than 26 inches; and |
| Third: | That the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record as required by 26 U.S.C. 5861(d). |

## REQUESTED INSTRUCTION NO. 14
(State of Mind)

Evidence has been presented of Antonio Redrick' thoughts, carelessness, negligence, ignorance, mistake, and good faith. If after considering the evidence of his mental state, together with all the other evidence, you have a reasonable doubt that Antonio Redrick knowingly possessed the firearm, then you must find Antonio Redrick not guilty. See generally United States v. Batista, 834

F.2d 1, 6 (1st Cir. 1987) (approving an instruction that the jury . . . consider the statements and acts of [defendant] or any other circumstance in determining his state of mind, and to make sure that they were convinced beyond a reasonable doubt that appellant acted willfully and knowingly); cf. United States v. Sturm, 870 F.2d 769, 777 (1st Cir. 1989) ( Jury instructions that allow a conviction even though the jury may not have found that the defendant possessed the mental state required for the crime constitute plain error).

### REQUESTED INSTRUCTION NO. 15

If you find that the defendant, through deception or trickery, was caused to be in possession of a firearm by another person, you must find that he did have the intent to possess the firearm, and must return a finding of not guilty.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Antonio Redrick,<br>By his attorney, |
| Dated:    July 22, 2005 | /s/ MELVIN NORRIS<br>Melvin Norris (MA BBO# 373900)<br>260 Boston Post Road<br>Wayland, MA 01778<br>(508) 358-3305 |