UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTONIO REDRICK | Cr. No. 04-CR-10301 MLW |

## DEFENDANT ANTONIO REDRICK'S MOTION
## FOR DOWNWARD DEPARTURE

Now comes the defendant in the above captioned matter, Antonio Redrick, and moves this Honorable Court to depart downward from the sentencing guidelines on the basis that his criminal history category overstates the seriousness of his criminal history (U.S.S.G. 4A1.3) and that the circumstances in Mr. Redrick's case are such that the Commission has not taken them into account and that they are relevant to the appropriate sentence (U.S.S.G. §5K2.0(a)(2). As reasons therefore, the defendant assigns the following:

1.  The defendant in this case is Antonio Redrick, a man from Dorchester, Massachusetts.

TOTALITY OF THE CIRCUMSTANCES

2.  Without reiterating every fact that was set forth in the presentence report, Mr. Redrick was involved in a long term romantic relationship with a woman named Tiffany Richardson. He picked up a duffel bag with his belongings from the home of Ms. Richardson on the day that he was arrested, and in that duffel bag was a 'sawed off' shotgun. Mr. Redrick was leaving the building when he was confronted by police, fled, and was arrested for possession of the firearm.

3. While in prison in Concord, Mr. Redrick met Eddie Ray, a man who provided Mr. Redrick with information regarding Ms. Richardson and the firearm, and who provided Mr. Redrick with an affidavit regarding the firearm and Ms. Richardson's involvement.

4. As this Court is aware, agents from the government secured another contradictory affidavit from Mr. Ray, and despite this Court's granting of immunity to Mr. Ray, he refused to speak with undersigned counsel and Mr. Redrick, because of the uncertainty regarding Mr. Ray's testimony, was unable to proceed to trial in this matter.

5. This court denied a Motion to Dismiss based on this government conduct after the government agreed to move for immunity for Mr. Ray, despite the enormous prejudice that the government's actions caused to Mr. Redrick.

6. The government's investigative techniques were unfair and resulted in great injustice to the defendant, and precluded him from presenting his defense fully.

## MR. REDRICK'S CRIMINAL HISTORY CATEGORY

7. The presentence report sets forth in detail Mr. Redrick's criminal history. While the amount of arrests and offenses is high, the actual criminal history of Mr. Redrick is greatly overstated by the criminal history category of 6.

8. Out of the ten countable criminal arrests and/or convictions, four of them occurred before the age of 18. Of those four, none of them involved actual violent conduct, although the fourth conviction was for possession of a firearm without a license at age 17, and it is counted by probation as an adult conviction.

9. Of all of Mr. Redrick's convictions, only one is actually for a violent crime, which was an armed robbery. However, even during that crime, nobody was injured in any way.[1]

10. The instant arrest occurred on June 4, 2004, which was one year and 10 months after his release from custody, so while he 'qualifies' for the enhancement under U.S.S.G. §4A1.1(3), the actual time between the convictions is nearly two years, which would have reduced his criminal history points to 13.

11. Additionally, two of the Guilty pleas (PSR paragraphs 38 and 39) were entered in order to wrap up the cases and serve the time concurrent with another sentence that he was already serving. These pleas increased his criminal history points by another 4. Absent these counted offenses, and if this offense had occurred two months later, his criminal history score would have totaled 9, which would result in a criminal history category of 4.

12. The number of pleas entered by Mr. Redrick is not representative of the extent of his criminal history or likelihood of recidivism, because many of the pleas were entered to assure that the sentences would run concurrently with other sentences Mr. Redrick was serving.

13. As of this writing,[2] Mr. Redrick's offense level has been enhanced by Probation by reason of his prior criminal convictions, and therefore his criminal history is essentially being

---

[1] The defendant disputes that the "Attempt to Commit a Crime" conviction, set forth in paragraph 40 of the PSR, involved an attempted Armed Robbery. Furthermore, while Mr. Redrick's institutional adjustment may be less than ideal, any violent conduct has not been charged in court.

[2] This Motion is being submitted prior to the issuance of the Final Presentence Report, but counsel for the defendant was informed that Probation would increase Mr. Redrick's base offense level to 26 based upon two prior convictions for violent crimes.

counted twice in computing his guideline range.[3]

**WHEREFORE**, the defendant moves that this Court depart downward from the Sentencing Guidelines on the following bases:

1. The defendant's criminal history category overstates the seriousness of his criminal history. Mr. Redrick's criminal history includes mostly non-violent, juvenile, and/or property offense crimes, which are significantly outside the heartland of defendants with a criminal history category of six. Under these circumstances, this Court may depart downward to a more appropriate criminal history category. U.S.S.G § 4A1.3.

2. That the totality of the circumstances in Mr. Redrick's case are outside the heartland of cases usually before this court, because he was unable to exercise his right to trial due in large part to the actions of the government. Because his counsel was unable to speak with Eddie Ray before trial, this uncertainty left the defendant with no alternative but to plead guilty. Furthermore, government conduct is not a precluded ground for downward departure. See e.g. United States v. Nolan-Cooper, 155 F.3d 221 (3d Cir. 1998). Government misconduct is also not an element taken into account by the Guidelines Commission. United States v. Coleman, 188 F.3d 354 (6th Cir. 1999).

---

[3] The defendant maintains his objection to the finding of the second "crime of violence" as set forth at paragraph 40. The defendant also notes that even without the additional increase from 22 to 26 for a second violent crime conviction, the base offense level was already increased from a 20 to a 22 reason of his conviction for Armed Robbery.

This motion is based upon the above statements and the argument submitted in the Sentencing Memorandum.

                                                      Respectfully submitted,
                                                      Antonio Redrick,
                                                      By his attorney,

Dated:      May 17, 2006                    /s/ MELVIN NORRIS
                                                      Melvin Norris (MA BBO# 373900)
                                                      260 Boston Post Road
                                                      Wayland, MA 01778
                                                      (508) 358-3305

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

                                        /s/ Melvin Norris
                                       MELVIN NORRIS