UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Cr. No. 04-CR-10301 MLW |
| ANTONIO REDRICK | |

### DEFENDANT ANTONIO REDRICK'S SENTENCING MEMORANDUM

Now comes the defendant in the above captioned matter, Antonio Redrick, and submits this memorandum of law and fact for the consideration of this Honorable Court at sentencing. As the Court is aware from other filings, the defendant has moved for downward departure on the basis of the totality of the circumstances and because his criminal history category overstates the seriousness of his criminal conduct. This memorandum will address other issues for the Court to consider at sentencing.

### FACTUAL BACKGROUND

The defendant, Antonio Redrick, was arrested while carrying a duffel bag containing a shotgun, which he was not licensed to possess. As the Court is aware, the defendant intended to present a defense which would have included information that he was dating a woman named Tiffany Richardson. The defense would further have presented evidence that Ms. Richardson planned to "plant" a gun on Mr. Redrick due to something that Mr. Redrick had done to her. Critical to this defense would have been the Affidavit of Eddie Ray, an issue which was covered at length in the defendant's Motion to Dismiss which was presented earlier to this Court.

**SENTENCING POSITION**

The defendant should receive a below-guidelines sentence for several reasons. Mr. Redrick has previously filed Motions for Downward Departure based upon the totality of the circumstances and upon the basis that his criminal history category overstates the seriousness of his actual criminal past.

1.  <u>The Totality of the Circumstances in Mr. Redrick's case is such that he should be sentenced either below the guidelines in accordance with 18 U.S.C. § 3553(a).</u>

Several factors in Mr. Redrick's case are so unusual that a below guidelines sentence is appropriate for Mr. Redrick. The first unusual feature was the behavior of the prosecutors in this case, which has been covered extensively in other pleadings. Another issue which arises in Mr. Redrick's case is his history of drug abuse and his learning disabilities. Finally, Mr. Redrick has lived a troubled life since the age of six, where he has been placed in special boarding schools, in the custody of DYS, and was in a situation poorly suited to his special needs. As a result, Mr. Redrick has found himself repeatedly in trouble with the law and unable to get his life on track.

The presentence report sets forth in detail the life circumstances of Mr. Redrick. Notably, the mental health history of Mr. Redrick is extensive, and serves to provide a backdrop to the present sentencing. The Presentence Report notes that he had a history of behavioral disturbances dating back to around age four. These behaviors were so severe that he was in alternative residential schools and/or mental health settings. Despite this extensive treatment from such a young age, Mr. Redrick still had difficulties with impulse control and behavior problems.

A close review of the Presentence Report reveals that a large percentage of Mr. Redrick's behavioral problems stem from his returning home from the alternative schools. When he would

return home for weekends or vacations, he would become embroiled in gang and drug activities. Much of this can be traced to his mother's erratic care giving, and the surroundings in Dorchester. At one point, Mr. Redrick moved to Michigan in an attempt to get a fresh start, but ended up back on the streets of Dorchester.

The history of Mr. Redrick indicates a severe impulse control problem which seems to be compounded by inconsistent treatment and/or medication. It is notable that while he has been detained in this matter, the Plymouth County Correctional Facility has determined that Mr. Redrick is not in need of mental health services, despite his history of management difficulties at PCCF.

Further complicating his life has been learning disabilities. He was diagnosed with severe ADHD and a non-specified verbal learning disability. As a result, he only functioned well in structured situations, but this progress would be quickly undone when he returned to the home in Dorchester.

Mr. Redrick also has a long history of drug use. This is detailed in the PSR, and it is significant that at the time of his arrest he was smoking marijuana, using crack, and adding PCP and alcohol to the mixture. His already impaired judgment was made much worse by the drug addiction, and his impulses were poorly controlled.

2.  Mr. Redrick's Criminal History Category

The presentence report sets forth in detail Mr. Redrick's criminal history. While the amount of arrests and offenses is high, the actual criminal history of Mr. Redrick is greatly overstated by the criminal history category of 6.

Out of the ten countable criminal arrests and/or convictions, four of them occurred before the age of 18. Of those four, none of them involved actual violent conduct, although the fourth

conviction was for possession of a firearm without a license at age 17, and it is counted by probation as an adult conviction. This is far outside the heartland of offenders with a criminal history category of 6.

Of all of Mr. Redrick's convictions, only one is actually for a violent crime, which was an armed robbery. However, even during that crime, nobody was injured in any way.[1] The instant arrest occurred on June 4, 2004, which was one year and 10 months after his release from custody, so while he 'qualifies' for the enhancement under U.S.S.G. § 4A1.1(3), the actual time between the convictions is nearly two years, which would have reduced his criminal history points to 13. Additionally, two of the Guilty pleas (PSR paragraphs 38 and 39) were entered in order to wrap up the cases and serve the time concurrent with another sentence that he was already serving. These pleas increased his criminal history points by another 4. Absent these counted offenses, and if this offense had occurred two months later, his criminal history score would have totaled 9, which would result in a criminal history category of 4.

The number of pleas entered by Mr. Redrick is not representative of the extent of his criminal history or likelihood of recidivism, because many of the pleas were entered to assure that the sentences would run concurrently with other sentences Mr. Redrick was serving. Furthermore, Mr. Redrick's offense level has been enhanced by Probation by reason of his prior criminal convictions, and therefore his criminal history is essentially being counted twice in

---

[1] The defendant disputes that the "Attempt to Commit a Crime" conviction, set forth in paragraph 40 of the PSR, involved an attempted Armed Robbery. Furthermore, while Mr. Redrick's institutional adjustment may be less than ideal, any violent conduct has not been charged in court.

computing his guideline range.[2]

The criminal history category, therefore, should be considered to be a four as discussed above.

## CONCLUSION

Wherefore, the defendant requests that this Court determine his proper guideline range is a level 22 with a criminal history category of 4 (after downward departure), 63-78 months.  The defendant further requests that this Court sentence him to a below-guidelines sentence which more accurately takes into account the goals of sentencing.  Finally, the defendant requests that this Court recommend that the defendant participate in the 500 hour drug treatment program offered by the BOP.

                                                        Respectfully submitted,
                                                        Antonio Redrick,
                                                        By his attorney,

Dated:       May 25, 2006                          /s/ MELVIN NORRIS
                                                        Melvin Norris (MA BBO# 373900)
                                                        260 Boston Post Road
                                                        Wayland, MA 01778
                                                        (508) 358-3305

---

[2] The defendant maintains his objection to the finding of the second "crime of violence" as set forth at paragraph 40.  The defendant also notes that even without the additional increase from 22 to 26 for a second violent crime conviction, the base offense level was already increased from a 20 to a 22 reason of his conviction for Armed Robbery.

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

      /s/ Melvin Norris
MELVIN NORRIS